IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY EARL SETSER, #25485-112, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL NO. 3:17-CV-0970-M-BK | |
| § | (Criminal No. 3:03-CR-381-M-01) | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se Motion to Vacate* was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the motion should be **DENIED**.

**I. BACKGROUND**

In 2006, after a four-month jury trial, Petitioner was convicted of multiple counts of money laundering, mail fraud and wire fraud, and one count each of securities fraud, conspiracy to commit mail and wire fraud, and conspiracy to commit money laundry -- all stemming from a multi-million dollar Ponzi scheme. In 2007, Petitioner was sentenced to an aggregate imprisonment term of 40 years (multiple concurrent 20-year terms, a consecutive 5-year term for securities fraud, and a consecutive 15-year term on one money laundering count) and was ordered to pay $61,602,302 in restitution. Crim. Doc. 610. His conviction was affirmed on direct appeal, *United States v. Setser*, 568 F.3d 482 (5th Cir. 2009), *cert. denied,* 558 U.S. 963 (2009), and Petitioner did not challenge his conviction or sentence under 28 U.S.C. § 2255.

On April 6, 2017, Petitioner filed the motion *sub judice* seeking to vacate his sentence based on the "*Holloway* doctrine," which he claims permits "courts to reduce disproportionately severe sentences," such as his. Doc. 2 at 2 (citing *United States v. Holloway*, 68 F. Supp. 3d 310

(E.D.N.Y. 2014)). In support of such a reduction, he references his "exemplary prison behavior." Doc. 2 at 2. Contrary to Petitioner's suggestion, however, this Court is not bound by the holding of the District Court for the Eastern District of New York in *Holloway*, nor does the Court find it persuasive.

## II. ANALYSIS

In *Holloway*, the petitioner moved to reopen his 28 U.S.C. § 2255 proceeding under Federal Rule of Civil Procedure 60(b) and, approximately 19 years after the petitioner began serving his sentence, the government ultimately withdrew its opposition to the Rule 60(b) motion, indicating that it did not resist the grant of section 2255 relief for the purpose of vesting the district court with the authority to vacate two of the defendant's convictions under 18 U.S.C. § 924(c). *Holloway*, 68 F. Supp. 3d at 314-315. Here, unlike *Holloway*, Petitioner has not filed a section 2255 motion to vacate, set aside, or correct sentence. Indeed, in response to the Court's deficiency order, Petitioner confirms that he is not seeking section 2255 relief and that his "motion was correctly submitted pursuant to the *Holloway* doctrine." Doc. 4 at 1.

Moreover, even if he had sought section 2255 relief, his motion would have been untimely. Section 2255(f)(1) imposes a one-year statute of limitations from "the date on which the judgment of conviction becomes final," and sections 2255(f)(2)-(4) are plainly inapplicable based on the facts pled in the motion. Petitioner does not base his claims on a government-created impediment or any new constitutional right, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final. Petitioner also posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way and prevented timely filing"); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).

Additionally, insofar as Petitioner suggests that the "Holloway doctrine" grants courts broad residual power to reduce a sentence, neither the United States Supreme Court nor the United States Court of Appeals for the Fifth Circuit have ascribed to such a conclusion. To be sure, neither has even addressed the *Holloway* doctrine. Moreover, in *Holloway*, the government cautioned that its position should not "be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases." *Holloway*, 68 F. Supp. 3d at 315. Thus, as stated previously, *Holloway* is neither binding nor persuasive, or for that matter, particularly instructive. Certainly, it was not intended to be doctrinal.

Moreover, as a standalone, post-judgment request in his criminal case, Petitioner's *Motion to Vacate* fails to identify any statutory authority for the sought-after sentence reduction. Consequently, the Court lacks jurisdiction to entertain the motion or to grant the relief sought. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (denying a motion for reduction of sentence, which was unauthorized and the district court was without jurisdiction to entertain). Specifically, the Court cannot construe Petitioner's motion as a request under Federal Rule of Criminal Procedure 35, because the motion was neither filed by the Government nor made within 14 days of sentencing. *See* FED. R. CRIM. P. 35; *Early*, 27 F.3d at 141. Likewise, the motion is also not authorized under 18 U.S.C. § 3582(c)(2), since it does not rely upon an amendment to the Sentencing Guidelines. *See Early*, 27 F.3d at 142.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the *Motion to Vacate* [Doc. 2] be **DENIED** and that the 28 U.S.C. § 2255 case be **DISMISSED WITHOUT PREJUDICE** as improvidently opened.

**SIGNED** June 10, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE